JOSEPH A. SIMEONE, PLAINTIFF, v. PAMELA K. SIMEONE, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided November 13, 1979.

*Frank J. Brunetto, Jr.* for plaintiff.

*John Diaz* for defendant.

GLICKMAN, J. D. C. (temporarily assigned).

This motion filed by defendant counterclaimant for more specific answers to interrogatories raises for the first time since the adoption of the New Jersey Code of Criminal Justice the question whether a party to a matrimonial action may claim the privilege against self-incrimination and refuse to answer an interrogatory dealing with the issue of adultery.

Plaintiff husband filed a complaint in three counts, alleging extreme cruelty, desertion and constructive desertion. Defendant wife filed an answer and counterclaim in three counts, charging extreme cruelty, adultery and desertion.

Defendant propounded interrogatories in which she inquired:

31. State the name, age, and date of birth of each person with whom you have resided (giving each address) since you ceased to reside with your wife, Pamela Simeone.

Plaintiff's answer was, "Irrelevant, not applicable, and privileged."

The first two reasons offered by plaintiff for not answering interrogatory 31 can be disposed of by referring to *R.* 4:10 2(a) which provides in part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence; nor is it ground for objection that the examining party has knowledge of the matters as to which discovery is sought.

Within the context of that rule, the interrogatory is certainly relevant and applicable, and if the information sought is not privileged, the interrogatory must be answered.

Plaintiff's attorney contends in his memorandum that the privilege "seems to be somewhere encompassed in *N.J.S.A.* 2A:84A 22." That statute deals with communications between spouses and does not apply to the issue presently before the court. Plaintiff also relies on *Mahne v. Mahne,* 66 *N.J.* 53 (1974).

The Supreme Court in *Mahne* observed that adultery and fornication were misdemeanors in this State *at that time* and upheld the right of a party to a divorce action to claim the privilege against self-incrimination by refusing to answer inter-

rogatories directed to those issues. The court also held that, under the circumstances in that case, it was improper for the trial judge to strike the pleadings of the party who claimed the privilege.

A review of the New Jersey Code of Criminal Justice, *N.J.S.A.* 2C:1 1 *et seq.*, indicates that neither adultery nor fornication constitutes criminal conduct in this State after the effective date of the statute, September 1, 1979. See *Lynn v. Lynn,* 165 *N.J.Super.* 328, 335 (App.Div.1979). Thus, the rationale of *Mahne* is no longer controlling.

Accordingly, plaintiff is directed to answer interrogatory 31 within 20 days from the date of the entry of an order in conformance with this opinion, and upon his failure to do so the complaint will be dismissed upon the submission of an *ex parte* application by defendant.